UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                                    Chapter 7 (Converted)
                                                                                          Case No: 14-71443-REG
LONG ISLAND BANANA CORP.,

                                            Debtor.
-----------------------------------------------------------------x

**ORDER SHORTENING NOTICE AND EXPEDITING HEARING
ON THE CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING AN
AUCTION PROCESS AND APPROVING BID PROCEDURES FOR (I) THE
DISPOSITION OF THE DEBTOR'S INTEREST IN A CERTAIN NON-RESIDENTIAL
REAL PROPERTY LEASE; AND (II) SALE OF THE DEBTOR'S REFRIGERATION
UNITS (RIPENING ROOMS), AND GRANTING RELATED RELIEF**

Upon the Emergency Affirmation of Thomas A. Draghi, Esq., as counsel for R. Kenneth Barnard (the "Trustee") the Chapter 7 trustee of the above referenced Debtor (the "Debtor"), pursuant to E.D.N.Y. LBR 9077-1(c) for a hearing on shortened notice on the Trustee's motion motion (the "Motion"), pursuant to Sections 105, 363 and 365 of the Bankruptcy Code (11 U.S.C. §§101, *et seq.*, the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure Rules 2002, 6004, 6006 and 9006, for an entry of an order, substantially in the form attached as "Exhibit A" to the Motion (the "Auction Order") (A) authorizing an auction process and approving bid procedures for (1) the disposition of the Debtor's interest in a certain lease of nonresidential real property located at 28 Williams Street, Lynbrook, New York (the "Premises"); and (2) sale of the Debtor's refrigeration units at the Premises (*i.e.,* the ripening rooms); (B) scheduling a hearing thereon on shortened notice; and (C) granting related relief; and the Court having considered the relief requested in the Motion and determined that, for cause shown, scheduling a hearing on shortened notice is appropriate under the circumstances; and after due deliberation thereon; and sufficient cause appearing therefore, it is

**ORDERED**, that the hearing on the relief requested in the Motion shall be held, on shortened notice, before the Honorable Robert E. Grossman, United States Bankruptcy Judge,

United States Bankruptcy Court for the Eastern District of New York, Long Island Division, 290 Federal Plaza, Courtroom 860, Central Islip, New York 11722 on **December 3, 2014 at 1:30 p.m.** (the "Hearing"); and, it is further

**ORDERED**, that a copy of this Order and the Motion shall be served at or before **1:00 p.m. December 1, 2014**, (i) by electronic transmission upon: (a) the Office of the United States Trustee for the Eastern District of New York, Long Island Federal Courthouse, 560 Federal Plaza, Room 560, Central Islip, New York 11722-4437; Attention: Alfred M. DiMino, Esq.; (b) counsel for Landlord, 28 William St. Corp., LaMonica Herbst & Maniscalco LLP, 3305 Jerusalem Avenue, Wantagh, New York 11793; Attention: Joseph Maniscalco, Esq.; (c) counsel for the All Island Banana Corp. ("All Island"), Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP, 475 Park Avenue, South, New York, New York 10016; Attention: Clifford A. Katz, Esq.; (d) counsel for the Debtor, Goetz Fitzpatrick LLP, One Penn Plaza, 44th Floor, New York, New York 10119; Attention: Gary M. Kushner, Esq.; (e) counsel for Citibank, N.A.; Sills Cummis & Gross PC, One Riverfront Plaza, Newark, New Jersey 07102; Attention: Valerie Hamilton, Esq.; (f) counsel for the PACA Plaintiffs, McCarron & Diess, 707 Walt Whitman Road, Second Floor, Melville, New York 11747; Attention: Gregory A. Brown, Esq.; (g) all other parties who have filed a Notice of Appearance in the Debtor's case; and (ii) via overnight mail upon (a) creditors holding the 20 largest unsecured claims against the Debtor's estate, as identified in the Debtor's chapter 11 petition; and (b) the Internal Revenue Service; and such service shall be deemed good and sufficient notice of the Hearing and the relief sought in the Motion; and, it is further

**ORDERED**, that responsive papers, if any, must be in writing, conform with the Bankruptcy Code and Bankruptcy Rules, state with particularity the grounds therefor, and be filed with the Court, and served upon, counsel for the Chapter 7 Trustee, (a) Westerman Ball

Ederer Miller Zucker & Sharfstein, LLP, 1201 RXR Plaza, Uniondale, New York 11556, Attn: Thomas A. Draghi, Esq., tdraghi@westermanllp.com, and (b) counsel for Landlord, 28 William St. Corp., LaMonica Herbst & Maniscalco LLP, 3305 Jerusalem Avenue, Wantagh, New York 11793; Attention: Joseph Maniscalco, Esq.; (c) counsel for the Lender, Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP, 475 Park Avenue, South, New York, New York 10016; Attention: Clifford A. Katz, Esq.; and (d) the Office of the United States Trustee for the Eastern District of New York, Long Island Federal Courthouse, 560 Federal Plaza, Room 560, Central Islip, New York 11722-4437; Attention: Alfred M. DiMino, Esq., so as to be actually received no later than **December 3, 2014 at 10:00 a.m. (Eastern Standard Time)**; and, it is further

**ORDERED**, that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.



**Dated: Central Islip, New York**
**December 1, 2014**

_____
**Robert E. Grossman**
**United States Bankruptcy Judge**

3