UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                                          Chapter 7 (Converted)
                                                                                                    Case No: 14-71443-REG
LONG ISLAND BANANA CORP.,

                                        Debtor.
-----------------------------------------------------------------x

### STIPULATION AND ORDER AUTHORIZING STALKING HORSE BID BY ESPOSITO BROTHERS, INC., d/b/a J. ESPOSITO & SONS WITH BREAK-UP FEE FOR (1) THE DISPOSITION OF THE DEBTOR'S INTEREST IN A CERTAIN NON-RESIDENTIAL REAL PROPERTY LEASE; AND (2) SALE OF <u>THE DEBTOR'S REFRIGERATION UNITS (RIPENING ROOMS)</u>

**WHEREAS,** on November 26, 2014, R. Kenneth Barnard (the "<u>Trustee</u>") the Chapter 7 trustee of the above referenced Debtor (the "<u>Debtor</u>") filed a motion (Docket No. 289, the "<u>Motion</u>") (A) authorizing an auction process and approving bid procedures ("<u>Bid Procedures</u>")[1] for (1) the disposition of the Debtor's interest in a certain lease ("<u>Lease</u>") of nonresidential real property located at 28 Williams Street, Lynbrook, New York; and (2) sale of the Debtor's refrigeration units (together with the Lease, the "<u>Assets</u>"); (B) scheduling a hearing thereon on shortened notice; and (C) granting related relief; and

**WHEREAS,** on December 1, 2014 the Court entered an Order scheduling a hearing on the Motion on shortened notice, to be held on December 3, 2014 (Docket No. 290); and

**WHEREAS**, Esposito Brothers, Inc., d/b/a J. Esposito & Sons ("<u>Esposito</u>") has approached the Trustee with a stalking horse bid proposal for the Assets (the "<u>Stalking Horse Bid</u>") in the event that the Debtor's case is not re-converted to a case under Chapter 11 of the Bankruptcy Code, in the amount of $425,000.00, which is $140,000 in excess of the Minimum Opening Bid for bidders other than All Island, and is otherwise subject to higher and better offers in accordance with the Bid Procedures, provided, that as consideration for such Stalking Horse

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion or the Bid Procedures.

Bid, Esposito be provided a Break-up Fee in the amount of $15,000.00 in the event the Stalking Horse Bid is determined to be a Qualified Bid but does not become the Successful Bid; and

**WHEREAS**, the Trustee believes it in the best interests of the estate and its creditors to agree to the terms and conditions proposed by the Stalking Horse Bid,

**NOW,** on consent of the parties, it hereby **ORDERED AND AGREED**, as follows:

1. <u>Recitals.</u>   The facts and statements set forth in the foregoing "Whereas" clauses are incorporated herein by reference as if fully stated and are acknowledged and agreed to by the undersigned parties.

2. <u>Stalking Horse Bid.</u>  Esposito acknowledges and agrees that it has submitted a bid to the Trustee for the Assets in the amount of $425,000.00, which amount includes $200,000.00 that will be paid to the Landlord as the Cure Amount, but which amount <u>excludes</u> the $75,000.00 Security Deposit required by the Lease.

3. <u>Qualified Bidder Status</u>.   In accordance with paragraph 1 of the Bid Procedures, Esposito states as follows:

    (a) Esposito is entity bidding for the Assets;

    (b) Esposito is financially able and interested in acquiring the Assets for the cash price of $425,000.00, without contingencies as to the financing and/or additional due diligence, (it being understood, however, that Esposito, while bound to its bid, shall not be deemed to have made an offer to acquire the Assets binding upon the Trustee prior to the time that the Auction is conducted and the sale approved by the Court);

    (c) Esposito agrees to provide financial information which fairly and reasonably demonstrates Esposito's ability (and the sources of

Esposito's ability) to (i) immediately consummate the transactions contemplated by Esposito's bid; and (ii) perform the obligations contained in the Lease going forward including adequate assurance of future performance should Esposito be the Successful Bidder;

(d) Upon execution of this Stipulation, Esposito will make a deposit of not less than $42,500.00 (the "Stalking Horse Deposit"), which is ten percent (10%) of the Stalking Horse Bid, and which amount exceeds the Deposit requirement under the Bid Procedures;

(e) Esposito agrees to (i) close on the purchase of the Assets; and (ii) deliver the Security Deposit to Landlord, if the Stalking Horse Bid is selected as the Successful Bid, immediately after the Auction results are approved by the Court on a date and time to be determined by the Trustee but in all events by no later than December 30, 2014, time being of the essence;

(f) Esposito agrees that if the Stalking Horse Bid is determined by the Trustee to be the second highest bid at Auction, but Trustee determines to proceed with the Stalking Horse Bid after a default by the Successful Bidder, then Esposito will (i) close on the purchase of the Assets; and (ii) deliver the Security Deposit to Landlord immediately after the Auction results are approved by the Court on a date and time to be determined by the Trustee but in all events by no later than December 30, 2014, time being of the essence;

(g) Esposito agrees that if Esposito is the Successful Bidder (or Backup Bidder after a default by the Successful Bidder), the Stalking Horse

3

>> Deposit shall become non-refundable as liquidated damages if Esposito shall fail to close the purchase for any reason whatsoever by the Closing Date (other than for failure of the Trustee to execute and deliver documents necessary to assign the Assets); and
>
> (h) Except as modified by this Stipulation, Esposito agrees to the Bid Procedures.

As a result of the foregoing, and subject to satisfaction of paragraph 3 (including the requirements set forth in paragraph 3(c) above, concerning the need to provide adequate assurance of further performance to Landlord), Esposito is acknowledged and agreed to be a Qualified Bidder.

4. <u>Break-up Fee.</u> Esposito represents that it has incurred expenses in connection with its diligence and analysis undertaken to formulate the Stalking Horse Bid in an amount in excess of $15,000.00. Accordingly, it is acknowledged and agreed that, provided Esposito has satisfied the requirements of paragraph 3(c) of this Stipulation and that Esposito has otherwise met the requirements necessary to be deemed a Qualified Bidder pursuant to the Bid Procedures, in the event Esposito does not become the Successful Bidder (or the Successful Back-up Bid in the event the Successful Bidder defaults), then Esposito is and shall be entitled to a Break-up Fee in the amount of $15,000.00, which amount the Trustee believes in his business judgment is reasonable relative to the proposed purchase price of $425,000.00.

5. <u>Effect of Re-Conversion</u>. Notwithstanding anything contained herein to the contrary, in the event that Motion is not approved, or that the Debtor's case is re-converted to a case under Chapter 11 of the Bankruptcy Code, then this Stipulation and Order shall become null and void and the Trustee shall timely return the Stalking Horse Deposit to Esposito.

6. Except as otherwise set forth herein, the terms and conditions of the Bid Procedures and any Order approving the Motion hereby remain in full force and effect.

7. This Stipulation can be signed in counterparts, which together constitute an original document. Scanned and/or facsimile signatures shall also constitute original signatures.

8. This Court shall retain jurisdiction to determine any issues arising out of or related to this Order.

Dated: December 3, 2014

**ACKNOWLEDGED AND AGREED:**

Esposito Brothers, Inc., d/b/a J. Esposito & Sons

By: _____*/s/*_____
Name:
Title:


_____*/s/*_____
R. Kenneth Barnard, Esq.
Chapter 7 Trustee

01093589.DOCX