UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re:                                              Chapter 7 (Converted)
                                                    Case No: 14-71443-REG

LONG ISLAND BANANA CORP.,

                                    Debtor.
------------------------------------------------------------------x

### ORDER (A) AUTHORIZING AN AUCTION PROCESS AND APPROVING BID PROCEDURES FOR (1) THE DISPOSITION OF THE DEBTOR'S INTEREST IN A CERTAIN NON-RESIDENTIAL REAL PROPERTY LEASE; (2) SALE OF THE DEBTOR'S REFRIGERATION UNITS (RIPENING ROOMS); AND (3) SALE OF CERTAIN OTHER ASSETS; AND (B) GRANTING RELATED RELIEF

UPON the motion (the "Motion") of R. Kenneth Barnard (the "Trustee") the Chapter 7 trustee of the above referenced Debtor (the "Debtor") (A) authorizing an auction process and approving bid procedures for (1) the disposition of the Debtor's interest in a certain lease ("Lease") of nonresidential real property located at 28 Williams Street, Lynbrook, New York (the "Premises"); and (2) sale of the Debtor's refrigeration units (*i.e.,* the "Ripening Rooms" and together with the Lease, the "Assets"); (B) scheduling a hearing thereon on shortened notice; and (C) granting related relief; and it appearing that the relief requested is in the best interest of the Debtor's estate, its creditors and other parties in interest; and

UPON the Affirmation (I) In Further Support Of The Chapter 7 Trustee's Motion For An Order (A) Authorizing An Auction Process And Approving Bid Procedures For (1) The Disposition Of The Debtor's Interest In A Certain Non-Residential Real Property Lease; And (2) Sale Of The Debtor's Refrigeration Units (Ripening Rooms) [Docket No. 287] And (II) In Support Of The Stipulation And Order Authorizing Stalking Horse Bid By Esposito Brothers, Inc., D/B/A J. Esposito & Sons ("Esposito") With Break-Up Fee (the "Stipulation and Order"), which included a request to allow Esposito a breakup fee in the amount of $15,000.00 (the "Break-up Fee"); and the Declaration of Gary M. Kushner in Opposition to the Motion [Docket

Nos. 300, 30]; and, this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and due and sufficient notice of the Motion and the Stipulation and Order having been adequate and appropriate under the circumstances;

And a hearing having been held on the Motion and the Stipulation and Order on December 3, 2014 (the "Hearing"); and 28 William St. Corp., the landlord (the "Landlord") of the Premises, having agreed, among other things, at the Hearing to extend the time for the Debtor to pay the rent in the amount of $17,000.00 (the "December Rent") that was due for the month of December until the Closing, so long as the Closing occurs on or before December 31, 2014, subject to a reservation of rights to assert a priority claim for such amount pursuant to 11 U.S.C. §506(c) and a Chapter 7 administrative expense claim in the event the Assets are not sold at Auction, subject to a reservation of rights by all parties to oppose any such claim; and the Court having determined, under the circumstances of this case, at the Hearing, among other things, that fixing and establishing the "cure" amount under 11 U.S.C. §365(b)(1)(A) for any defaults under the Lease occurring prior to September 11, 2014, for the Trustee to assume and assign the Lease at the Closing to any entity other than All Island, to be in the amount of $200,000.00 (exclusive of the December Rent), constitutes a prudent exercise of the business judgment of the Trustee, is fair and reasonable, and is in the best interests of the Debtor and its estate; and on the record of the Hearing, after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED, as follows:

1.      The Motion, as modified at the Hearing, is granted in its entirety.

2.     The bidding and auction procedures substantially in the form attached as "Exhibit 1" to this Order (the "Auction Procedures ")[1] are hereby authorized and approved and shall govern disposition of the Assets and the Other Assets (if applicable).

3.     The Auction, in the form described in the Auction Procedures, is hereby authorized and approved.

4.     The Trustee is hereby authorized to execute that certain Amendment, which is part of the Lease, as revised at the Hearing, attached to this Order as "Exhibit 2".

5.     Any and all proceeds of sale of the Assets and the Other Assets shall be held by the Trustee pending further order of this Court, with all interested parties' rights and remedies otherwise reserved with respect to the allocation of sale proceeds as between the Lease, the Ripening Rooms and the Other Assets, and the validity, priority and amount of liens as against the proceeds of the Auction Sale, which liens, claims and encumbrances shall attach to the proceeds of sale in order of priority.

6.     The Court has fixed and determined the lease cure amount to satisfy outstanding cure obligations and defaults under the Lease (the "Lease Cure Amount") to be in the amount of $117,000.00 for All Island (including the December Rent in the amount of $17,000.00).  The Lease Cure Amount for all other third parties and potential bidders is hereby fixed and determined to be in the amount of $217,000.00 (including the December Rent in the amount of $17,000.00).

7.     Provided that the Landlord has consented in writing to an extension of time within which the Trustee may assume or reject the Lease, the Auction may be continued from time to time, without further notice to creditors or parties in interest other than the Landlord other than

---

[1]     Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Auction Procedures.

3

(a) by announcement at the Auction; or (b) on written notice to (i) Landlord; (ii) all entities known or thought to have a *bona fide* interest in the Auction; and (iii) all persons or entities that have filed a notice of appearance in the Debtor's case.

8.    Provided that Esposito has satisfied the requirements of paragraph 3(c) of the Stipulation and Order (concerning adequate assurance of future performance) and that Esposito has otherwise met the requirements necessary to be deemed a Qualified Bidder pursuant to the Bid Procedures, in the event Esposito does not become the Successful Bidder (or the Successful Back-up Bidder in the event the Successful Bidder defaults) unless such Successful Bidder or Successful Back-up Bidder is All Island Banana Corp., then Esposito shall be entitled to receive from the proceeds of the sale of the Assets a break-up fee in the amount of $15,000.00, which amount is fair and reasonable based upon the facts and circumstances of this case; for the avoidance of doubt, if All Island is the Successful Bidder and acquires the Assets, Esposito shall not be entitled to any Break-up Fee.

9.    A hearing for entry of one or more orders authorizing and approving the results of the Auction and such other and further relief as is just and proper (the "Sale Hearing") is set for **December 23, 2014 at 10:00 a.m.**

10.    Objections, if any, to the sale or disposition of the Assets or to final approval of the results of the Auction or such other and further relief being sought at the Sale Hearing, must be filed and served by **December 22, 2014** (the "Sale Objection Deadline.")

11.    The Trustee is authorized to (a) assume and assign, sell the Assets and/or the Other Assets on behalf of the estate as necessary to complete the transaction contemplated by the Auction, and; (b) execute all documents necessary to consummate the sale, assumption and/or assignment of Debtor's interest in the Assets and Other Assets contemplated by the Auction, subject to final approval by this Court at the Sale Hearing.

12.     The Trustee shall serve the Auction Notice by overnight mail, facsimile, email or first class mail **on or before December 8, 2014**, together with such publication as the Trustee determines to provide, if any, upon at least the following (the "Auction Notice Parties");

    (a) The Office of the United States Trustee for the Eastern District of New York, Long Island Federal Courthouse, 560 Federal Plaza, Room 560, Central Islip, New York 11722-4437, Attention: Alfred M. DiMino, Esq.;

    (b) Counsel for Landlord, 28 William St. Corp., LaMonica Herbst & Maniscalco LLP, 3305 Jerusalem Avenue, Wantagh, New York 11793, Attention: Joseph Maniscalco, Esq.;

    (c) Counsel for All Island Banana Corp., Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP, 475 Park Avenue, South, New York, New York 10016, Attention: Clifford A. Katz, Esq.;

    (d) Counsel for the Debtor, Goetz Fitzpatrick LLP, One Penn Plaza, 44th Floor, New York, New York 10119, Attention: Gary M. Kushner, Esq.;

    (e) Counsel for Citibank, N.A., Sills Cummis & Gross PC, 101 Park Avenue, 28th Floor, New York, NY 10178, Attention: Valerie Hamilton, Esq.;

    (f) Counsel for the PACA Plaintiffs, McCarron & Diess, 707 Walt Whitman Road, Second Floor, Melville, New York 11747, Attention: Gregory A. Brown, Esq.;

    (g) All other parties who have filed a Notice of Appearance in the Debtor's case;

    (h) Creditors holding the 20 largest unsecured claims against the Debtor's estate, as identified in the Debtor's chapter 11 petition; and

    (i) The Internal Revenue Service, Centralized Insolvency Operation, P. O. Box 7346, Philadelphia, PA 19101-7346.

13.     Service of the Auction Notice upon the Auction Notice Parties as set forth herein is deemed to be sufficient notice of the Motion, the Auction Procedures, the Auction, the Sale Hearing and the Sale Objection Deadline.

14.     The Trustee is authorized, in his sole discretion, to select the bidder (the "Successful Bidder") that the Trustee believes has submitted the highest or otherwise best bid for the Assets and, if applicable, the Other Assets (the "Successful Bid.")

15.    The Trustee is authorized, in his sole discretion, to select the bidder (the "Back-up Bidder") that the Trustee believes has submitted the second highest or otherwise second best bid for the Assets and, if applicable, the Other Assets.

16.    Pursuant to section 365(k) of the Bankruptcy Code, neither the Trustee nor the Debtor's Estate shall have any further liability for any breach of the Lease occurring after the closing of the sale, transfer or assignment of the Lease.

17.    Pursuant to section 363(f) of the Bankruptcy Code and subject to this Court's approval at the Sale Hearing, the sale agreement executed and delivered by the Trustee in accordance with the Auction Procedures shall constitute a sale free and clear of any interest including, without limitation, any liens, claims or encumbrances upon the Assets or the Other Assets, as applicable.

18.    Pursuant to section 363(m) of the Bankruptcy Code and subject to this Court's approval at the Sale Hearing, a purchaser of the Assets and/or the Other Assets shall be entitled to the protections afforded to good-faith purchasers.

19.    The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

20.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

21.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.



Dated: Central Islip, New York
     December 5, 2014

                                   Robert E. Grossman
                       United States Bankruptcy Judge